ORIGINAL

# In the United States Court of Federal Claims

No. 15-14 C
Filed: August 6, 2015
TO BE PUBLISHED

FILED
AUG 6 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| VICTOR FOURSTAR, | |
| Plaintiff, *pro se*, | Jurisdiction, 28 U.S.C. § 1491; Motion To Dismiss, RCFC 12(b)(1); *Pro Se*; "Three Strikes" Rule, 28 U.S.C. § 1915. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Victor Fourstar**, *pro se*.

**Melissa Baker**, United States Department of Justice, Civil Division, Washington, D.C., for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

### I. RELEVANT FACTUAL BACKGROUND.[1]

On October 30, 2002, Victor Fourstar was convicted of violating 18 U.S.C. §§ 1153(a)[2] and 2241[3] by the United States District Court for the District of Montana. Compl. ¶ 1. On February

---

[1] The facts discussed herein were derived from the January 6, 2015 Complaint ("Compl.") and the March 9, 2015 Amended Complaint ("Am. Compl.").

[2] Section 1153(a) provides:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, . . . shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a).

[3] Section 2241 provides:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are

27, 2003, Mr. Fourstar was sentenced to 188 months' imprisonment and five years' supervised release. Compl. ¶ 1. On January 30, 2004, the United States Court of Appeals for the Ninth Circuit affirmed Mr. Fourstar's conviction. *See United States v. Fourstar*, 87 F. App'x 62 (9th Cir. 2004).

Thereafter, Mr. Fourstar filed at least six petitions for a writ of habeas corpus in various venues. *See Fourstar v. Martinez*, 541 F. App'x 494 (5th Cir. 2013) (affirming denial of writ); *Fourstar v. Copenhaver*, 14-CV-1456 (E.D. Cal. Sept. 18, 2014); *Fourstar v. Walton*, 13-CV-1122 (S.D. Ill. Oct. 31, 2013); *Fourstar v. Farley*, 12-CV-124 (E.D. Ky. Oct. 30, 2012); *Fourstar v. Kelly*, 12-CV-3671 (N.D. Ga. Oct. 19, 2012); *Fourstar v. United States*, 05-CV-61 (D. Mont. June 7, 2005); *Fourstar v. Outlaw*, 07-CV-11 (E.D. Tex. Jan. 8, 2007).

Mr. Fourstar also unsuccessfully petitioned for certificates of innocence from the United States Court of Appeals for the Sixth Circuit, Seventh Circuit, and Ninth Circuit. Compl. at p. 3.[4]

As of February 17, 2015, Mr. Fourstar has continued to assert his innocence in other venues. Am. Compl. at p. 2.

## II.   RELEVANT PROCEDURAL HISTORY.

On January 6, 2015, Mr. Fourstar ("Plaintiff") filed a Complaint ("Compl.") in the United States Court of Federal Claims, seeking $675,000 for "wrongful arrest and wrongful imprisonment." That same day, Plaintiff also filed a Motion To Proceed *In Forma Pauperis*.[5]

On February 10, 2015, the Government filed a Motion To Dismiss ("Gov't 2/10/15 Mot."), pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

On February 26, 2015, Plaintiff filed a Motion To Amend Pleadings that the court granted on March 9, 2015.

On March 9, 2015, Plaintiff filed an Amended Complaint ("Am. Compl.").

---

    held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act—
    (1) by using force against that other person; or
    (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;
    or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241(a).

[4] Some portions of the January 6, 2015 have paragraph numbers; others do not. For those portions not within an enumerated paragraph, the court refers to the page number.

[5] Plaintiff's January 6, 2015 Motion To Proceed *In Forma Pauperis* is granted.

2

On March 23, 2015, the Government filed a Motion To Dismiss ("Gov't 3/23/15 Mot."), pursuant to RCFC 12(b)(1).

On May 1, 2015, Plaintiff filed a Motion For Preliminary Injunction, Motion For Temporary Restraining Order, And Motion For Appointment Of United States Attorney. ("Pl. Mot.") On May 7, 2015, the Government filed a Response ("Gov't 5/7/15 Resp."). On June 23, 2015, Plaintiff filed a Reply ("Pl. Reply").

On May 7, 2015, Plaintiff filed a Motion To Strike The Government's Motion To Dismiss. On May 11, 2015, the Government filed a Response ("Gov't 5/11/15 Resp.").

On June 16, 2015, Plaintiff filed a Motion For Leave To File Second Amended Complaint, Motion To Certify Class, And Motion For Injunction, Intervention, And Restraining Order. On June 19, 2015, the Government filed a Response ("Gov't 6/19/15 Resp.").

On July 28, 2015, Plaintiff filed a Motion For Leave To File Second Motion For Preliminary Injunction And Motion For Restraining Order. That same day, Plaintiff also filed a Motion For Leave To File Third Motion To Amend Complaint and a Motion To Appoint Counsel.

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law that he relies upon "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put

in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

Moreover, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.

### B.     Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.     Standards For Motion To Dismiss Pursuant RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### D.     The Court's Resolution Of The Government's March 23, 2015 Motion To Dismiss.

#### 1.     *Pro Se* Considerations.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). Nevertheless, the court is not at liberty to excuse a complaint's failures. *See Henke*, 60 F.3d at 799.

Here, the Government argues that the court should not consider the facts alleged in the January 6, 2015 Complaint. Gov't 3/23/15 Mot. at 4–5. But, because Plaintiff is *pro se*,[6] the court

---

[6] Plaintiff requests appointment of counsel. Am. Compl. at p. 2 ("[Plaintiff] requests the appointment of counsel in light of complexity of issues and likeliness of success and in light of his inability to access the rules of this court."). But, "the right to counsel [in civil proceedings] is highly circumscribed, and has been authorized in exceedingly restricted circumstances[.]" *Pitst v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012). To the extent that Plaintiff seeks counsel,

will consider the factual allegations from the March 9, 2015 Amended Complaint, as well as the January 6, 2015 Complaint.

### 2. The Merits.

The court has jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. But, Section 2513(a) further imposes several limitations:

> Any person suing under section 1495 of this title must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

In this case, neither the January 6, 2015 Complaint nor the March 9, 2015 Amended Complaint "allege[s] or prove[s]" any of the statutory requirements, *i.e.*, that Plaintiff received a certificate of innocence or was "pardoned on upon the stated ground of innocence" and that "[h]e did not commit any of the acts charged." 28 U.S.C. § 2513(a). Although the January 6, 2015 Complaint and March 9, 2015 Amended Complaint allege that Plaintiff is continuing to assert innocence in different venues, neither pleading alleges facts that would satisfy Section 2513.

### IV. CONCLUSION.

For the reasons discussed herein, the Government's March 23, 2015 Motion To Dismiss is **granted**. The Clerk of Court is directed to **dismiss** Plaintiff's March 9, 2015 Amended Complaint. As such, all remaining pending motions in this case are denied as moot.

---

pursuant to 28 U.S.C. § 1915(e), that statute provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). To warrant appointment of counsel in civil cases, however, Plaintiff must demonstrate "extreme hardship" and "extraordinary circumstances." *Washington v. United States*, 93 Fed. Cl. 706, 709 (2010). Although the court recognizes its duty to ensure that *pro se* plaintiffs are treated fairly, this case does not meet that standard. *See id.* (determining that a complaint against the United States Army for $900,000 in damages did not meet the "extraordinary circumstances" standard). As such, Plaintiff's request for appointment of counsel is denied.

Moreover, because Plaintiff has filed at least four other lawsuits that were dismissed as frivolous,[7] Plaintiff is prohibited from filing any claim in the United States Court of Federal Claims under Section 1915. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Fourstar v. Garden City Grp.*, No. 15-mc-76, 2015 WL 301217, at *1 (D.D.C. Jan. 22, 2015) ("The plaintiff has accumulated at least three strikes.").

**IT IS SO ORDERED.**

SUSAN G. BRADEN
Judge

---

[7] *See Fourstar v. Costell*, No. 14-cv-957, 2014 WL 7005105, at *1 (S.D. Ill. Sept. 29, 2014) ("The Court determined that Plaintiff had, in fact, on at least three prior occasions brought a civil rights case that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim."); *Fourstar v. Murlak*, No. CV 07-5892, 2010 WL 2163980, at *4 (C.D. Cal. Apr. 26, 2010) (frivolousness recommendation of magistrate judge); *Fourstar v. Outlaw*, 283 F. App'x 209 (5th Cir. 2008) (dismissing appeal as frivolous); *Fourstar v. Zemyan*, 08-CV-50 (D. Mont. Aug. 26, 2008) (adopting frivolousness recommendation of magistrate judge).